Daniel J. Kaiser [DK-9387]
Henry L. Saurborn, Jr. [HS-6583]
KAISER SAURBORN & MAIR, P.C.
30 Broad Street, 37th Floor
New York, New York 10004
(212) 338-9100

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
AL REYNOLDS,

                Plaintiff,                **JURY TRIAL DEMANDED**

-against-                             **COMPLAINT**

WALTON/ISAACSON LLC,

                Defendant.
-------------------------------------------------------X

      Plaintiff, Al Reynolds, by his attorneys, Kaiser Saurborn & Mair, P.C., as and for his complaint against the defendant, Walton/Isaacson LLC, alleges as follows:

### PARTIES, JURISDICTION and VENUE

      1.      Plaintiff, Al Reynolds ("Reynolds") is a natural person resident in the City County and State of New York.

      2.      Upon information and belief, defendant Walton/Issacson LLC ("WI") is a limited liability company organized and validly existing under the laws of the State of California, with its principal place of business in Cook County, Illinois.

      3.      The original jurisdiction of this Court is founded upon 28 U.S.C. §1332(a), in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

      4.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(a)(1) in that a

substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

## BACKGROUND FACTS

5.  Mr. Reynolds is the founder and managing partner of Champion Advisors, through which he provides management and consulting services to small businesses and sports and entertainment clients.

6.  WI, a full service adverting and marketing agency founded in 2006 by Aaron Walton, Cory Isaacson and Earvin "Magic" Johnson, provides marketing and advertising services for its clients, including McDonald's, Lexus, Verizon Wireless and Samsung, and most recently with the assistance of Mr. Reynolds, the New York Police Department ("NYPD").

**Mr. Reynolds Introduces WI to a Business Opportunity**

7.  Mr. Reynolds was enrolled in the Minority and Women-owned (M/WBE) Business Enterprise Certification Program, sponsored by the NYC Comptroller's Office.

8.  During that course, he learned about opportunities for minority business men and women, like himself, to secure business from the City of New York and its departments and agencies.

9.  Mr. Reynolds was also well acquainted with the NYC's Director of Diversity and spoke with her on a regular basis, including about available business opportunities with the City of New York.

10. One potential piece of business that came to Mr. Reynolds' attention was the efforts by the NYPD to increase its minority recruitment and NYC's desire to hire a consultant to assist with that initiative.

11. In October 2016, through another acquaintance who was employed by WI as a consultant, Mr. Reynolds offered to present and assist WI with a potential business opportunity in return for compensation.

12. Mr. Reynolds was then introduced to Aaron Walton, a founding partner of WI.

13. Mr. Reynolds and Mr. Walton discussed the terms under which Mr. Reynolds would compensated, and it was agreed that he would receive a commission of three percent of the contract price, should WI successfully win a contract for same.

14. Mr. Reynolds then disclosed the opportunity for WI to provide consulting services to NYPD.

15. In addition to revealing the opportunity, Mr. Reynolds thereafter worked closely with Mr. Walton and others at WI to secure the NYPD contract.

16. Among other things, Mr. Reynolds interfaced with the NYC Comptroller's Office, which was responsible for reviewing and approving the NYPD Contract, and facilitated the extension of the date by which WI had to submit its bid proposal

17. Mr. Reynolds obtained answers to WI's questions about the bid requirements and the scope of work.

18. Mr. Reynolds coordinated and facilitated calls and meetings between WI and NYC personnel, including its Chief Diversity Officer and the head of the bid selection committee.

19. Mr. Reynolds also assisted WI in keeping its bid viable when it failed to comply with certain bid requirements and submitted an initial bid that was too high and had to be reduced.

20. In connection to with the NYPD opportunity, Messrs. Reynolds and Walton and

others from WI met and communicated frequently, by telephone, text and email concerning the NYPD Contract.

21. Mr. Reynolds understood Mr. Walton to be speaking on behalf of WI and with the necessary authority to make binding promises on its behalf for compensation and relied on same in agreeing to proceed to provide information and services to WI.

22. Upon information and belief, on or about March 1, 2018, the NYC Comptroller signed and/or approved WI's contract with the NYPD with an estimated worth over five years of approximately $54,000,000.00.

23. As of April 2018, WI had failed and refused to honor its agreement to compensate Mr. Reynolds for introducing the business opportunity, and in providing valuable assistance that enabled it to win the NYPD contract.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

24. Pursuant to Fed.R.Civ.P. 10(c), plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of the complaint with the same force and effect as if separately alleged and reiterated herein.

25. By reason of the foregoing, plaintiff is entitled to an order and judgment of this Court declaring that the defendant is in breach of the parties' agreement and that plaintiff is entitled to an award of damages as a result of the breach, and imposing such other relief as is appropriate under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

26. Pursuant to Fed.R.Civ.P. 10(c), plaintiff repeats and realleges each and every

allegation contained in the foregoing paragraphs of the complaint with the same force and effect as if separately alleged and reiterated herein.

27. By reason of the foregoing, the defendant has breached its agreement with the plaintiff.

28. As a result thereof, the plaintiff has been damaged in a sum to be determined at trial, but believed to be no less than $5,000,000.00, plus interest and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Quantum Meruit)

29. Pursuant to Fed.R.Civ.P. 10(c), plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of the complaint with the same force and effect as if separately alleged and reiterated herein

30. In accepting from the plaintiff information and services of significant value without paying for same, defendant has been unjustly enriched to the substantial detriment of the plaintiff.

31. By reason of the foregoing, the defendant is liable to the plaintiff in an amount to be determined at trial, but believed to be no less than $5,000,000, plus interest and costs.

## PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

**WHEREFORE**, the plaintiff, Al Reynolds, hereby demands judgment against defendant Walton/Isaacson LLC, as follows:

(i) On its first cause of action, declaring that the defendant is in breach of the parties' agreement, awarding the plaintiff damages, and imposing such terms and conditions on defendant the Court may determine;

(ii) On its second cause of action, awarding it damages against the defendant in an

    amount to be determined at trial, but no less than $5,000,000;

(iii) On its third cause of action, awarding it damages against defendant in an amount to be determined at trial, but no less than $5,000,000;

(iv) Applicable interest, costs and disbursements and attorney's fees ; and

(v) For such further relief as the Court deems just and proper.

Dated: New York, New York
   September 21, 2018

                **Kaiser Saurborn & Mair, P.C.**
                Attorneys for Plaintiff

     By: _____
                Daniel J. Kaiser [DK-9387]
                30 Broad Street, 37th floor
                New York, New York 10004
                (212) 338-9100